IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:13-cr-30125-3-DWD |
| | ) |
| HUEY JONES, | ) |
| | ) |
| Defendant. | ) |

### ORDER GRANTING THE EARLY TERMINATION
### OF SUPERVISED RELEASE

**DUGAN, District Judge:**

On June 18, 2013, an Indictment (Doc. 1), charging one count of conspiracy to distribute, and possess with intent to distribute, cocaine, was returned against Defendant. On March 27, 2014, Defendant pled guilty pursuant to a plea agreement. (Docs. 189 & 191). On October 9, 2015, Defendant was sentenced to 100 months imprisonment, which was to run concurrent to the sentence imposed in Case No. 13-cr-40111. (Doc. 560). Defendant was also sentenced to 5 years of supervised released. (Doc. 560).

On June 28, 2023, Defendant filed a *pro se* Motion to Terminate Supervised Release (Doc. 689). He has served approximately 34 months of supervised release. (Doc. 691, pg. 1). Defendant indicates he "has shown exemplary post-conviction adjustment and conduct." (Doc. 689, pg. 2). Specifically, Defendant has "fully complied with the court's express terms of supervision" by participating in church activities, random drug testing, counseling, and the ACCI Lifeskills Elearning Cognitive Awareness Course. (Doc. 689, pg. 2). Defendant also notes he has fully obeyed the law and met the requirements of the

U.S. Probation Office. (Doc. 689, pg. 2). Defendant indicates he has lived a productive lifestyle and held steady employment at Tailor Techs Automotive. (Doc. 689, pg. 2).

On June 30, 2023, the Court directed the Government to file a Response, incorporating the position of the U.S. Probation Office, to Defendant's Motion. (Doc. 690). The Government has now done so, indicating neither it nor the U.S. Probation Office has an objection to the Motion. (Doc. 691, pg. 1). The Government indicates Defendant "is a good candidate" for an early termination of supervised release, as he waited more than the requisite year of supervision before requesting an early termination. (Doc. 691, pg. 1). Further, the Government confirms that Defendant has complied with his special conditions, paid his special assessment and fine, had no positive urine tests, and has maintained a stable residence and consistent employment. (Doc. 691, pg. 1).

Now, Defendant's Motion is governed by 28 U.S.C. § 3583(e)(1), which states the Court may, after considering a number of factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." While Federal Rule of Criminal Procedure 32.1 ordinarily requires a hearing before a term of supervised release may be modified, no hearing is necessary if the relief sought is (1) favorable to Defendant and does not extend the term of probation or supervised release, and (2) the Government has received notice and a reasonable opportunity to object. *See* Fed. R. Crim. P. 32.1(c)(2).

Here, the Court **FINDS** each of the aforementioned requirements is satisfied, such that a hearing is not required. *See id.* The Court **FURTHER FINDS**, under § 3583(e)(1),

Defendant has completed more than a year of supervised release and the early termination of his supervised release is warranted and in the interest of justice, as he is unlikely to benefit from additional supervision. *See* 28 U.S.C. § 3583(e)(1). Therefore, in consideration of the factors set forth in 28 U.S.C. § 3553, the Court **GRANTS** the Motion and **ORDERS** the termination of Defendant's supervised release, effective immediately.

**SO ORDERED.**

Dated: July 13, 2023

_____
DAVID W. DUGAN
United States District Judge